United States District Court
Southern District of Texas
**ENTERED**
July 06, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO ARZATE,<br>TDCJ #01821766,<br>    Petitioner, | §<br>§<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-05989 |
| ERIC GUERRERO, | §<br>§<br>§ | |
|     Respondent. | §<br>§ | |

## MEMORANDUM AND ORDER

Petitioner Francisco Arzate (TDCJ #01821766) is a state inmate currently in custody of the Texas Department of Criminal Justice ("TDCJ"). Arzate filed this petition seeking a federal writ of habeas corpus for his state conviction and life sentence capital murder in Harris County cause number 131724701010. Doc. No. 1. Respondent has filed a motion to dismiss (Doc. No. 8), contending that this case is barred by the statute of limitations. Arzate has not filed a response to the motion to dismiss, and his time to do so has passed. The Court has carefully considered the submissions of the parties, the record, and the applicable law and **GRANTS** the motion to dismiss and **DISMISSES** this petition as barred by the one-year statute of limitations in the Anti-terrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).

## I.    BACKGROUND

Arzate was convicted of capital murder and sentenced to life in prison without the possibility of parole after a jury trial on November 12, 2012. Doc. No. 7-1 at 219, Clerk's

1 / 9

Record ("CR") at 213.  A Texas intermediate appellate court affirmed his conviction on December 17, 2013.  *Arzate v. State*, No. 01–12–01074–CR, 2013 WL 6670854 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd).  Arzate filed two applications for habeas corpus challenging his appellate counsel's failure to file a petition for discretionary review.  The first application was granted, permitting Arzate to file his petition, and the second application was dismissed as moot.  *See Ex Parte Arzate*, No. WR-83,117-01 (Tex. Crim. App. Oct. 14, 2015) (granting relief to file an out-of-time petition for discretionary review), Doc. No. 7-92; *Ex Parte Arzate*, No. WR-83,117-02 (Tex. Crim. App. Oct. 14, 2015) (Action Taken dismissing application as moot), Doc. No. 7-96.  The Texas Court of Criminal Appeals refused his petition for discretionary review on February 10, 2016.  *Arzate v. State*, No. PD-1343-15 (Tex. Crim. App. 2016).  Arzate does not report that he filed a petition for a writ of certiorari with the United States Supreme Court.  *See* Doc. No. 1 at 3.

On or around June 8, 2016, Arzate filed an application for habeas corpus challenging his conviction and sentence.  *Ex Parte Arzate*, No. WR-83,117-05 (Tex. Crim. App. Nov. 16, 2016).  The Texas Court of Criminal Appeals denied his application without written order on November 16, 2016.  *See id.*, Doc. No. 7-105 (Action Taken).  On January 19, 2024, Arzate filed a state application for habeas corpus that was dismissed as noncompliant on March 13, 2024.  *See Ex Parte Arzate*, No. WR-83,117-06 (Tex. Crim. App. Mar. 13, 2024) (Action Taken), Doc. No. 7-108.  Arzate then filed a state application for habeas corpus that was dismissed as successive on February 26, 2025.  *See Ex Parte Arzate*, No.

2 / 9

WR-83,117-08 (Tex. Crim. App. Feb. 26, 2025) (Action Taken), Doc. No. 7-113.  On

November 26, 2025, Arzate filed this federal petition.  Doc. No. 1 at 14.

## II.   DISCUSSION

A federal habeas corpus petition is subject to a one-year limitations period found in

28 U.S.C. § 2244(d), which provides as follows:

(1)   A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

3 / 9

Because Arzate challenges a state court judgment of conviction, the statute of limitations for federal habeas corpus review began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Texas Court of Criminal appeals refused his petition for discretionary review on February 10, 2016, and his petition for a writ of certiorari was due 90 days later, or by May 10, 2016. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *see also* Sup. Ct. R. 13.1, 13.3 (providing that a petition for a writ of certiorari is due 90 days after the entry of judgment of the state court of last resort, where, as here, no motion for rehearing was filed for the petition for discretionary review). His federal petition was due by May 10, 2017, unless an exception applies.

## A.    **Statutory Tolling**

A properly filed state application for habeas corpus relief tolls the limitation period. 28 U.S.C. § 2244(d)(2). Arzate filed his state application on June 13, 2016,[1] within the limitations period, and it was denied on November 16, 2016. Therefore, his limitations period is tolled for 157 days, making his federal application due on or before Monday, October 14, 2017.

Arzate does not allege that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based. 28 U.S.C. § 2244(d)(1)(C). Nor does he dispute Respondent's assertion that "the factual

---

[1] *See* Doc. No. 7-103 at 22, State Habeas Corpus Record ("SHCR")-05 at 00018 (indicating that Arzate signed his application on June 13, 2016).

predicate of the claim or claims presented could have been discovered through the exercise of due diligence before his conviction became final in 2017, if not before then" regarding any claim under 28 U.S.C. § 2244(d)(1)(D). Doc. No. 8 at 11. His federal petition was filed more than 8 years after the tolling period elapsed for his state application § 2244(d)(2), and Arzate does not present any other statutory basis to save his late-filed claims.

## B. Equitable Tolling

Equitable tolling is an extraordinary remedy that is sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Fifth Circuit has held that the statute of limitation found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The habeas petitioner bears the burden of establishing that equitable tolling is warranted. *See Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007). The Supreme Court has clarified that a "'[habeas] petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A "garden variety claim of excusable neglect" does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted). An unawareness of the law, lack of knowledge of filing deadlines, *pro se* status, or lack of

legal training are not valid bases for equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (citing cases).

Petitioner does not assert any grounds for equitable tolling other than to assert that there is "newly discovered evidence" that his counsel failed to discover and that he is actually innocent. To the extent that he contends that his limitations period should be excused under *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), he does not meet that demanding standard. A habeas petitioner who seeks to overcome a procedural default through a showing of actual innocence must "raise a substantial doubt about his guilt." *Dowhitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000).

To establish an actual-innocence claim in this context, a habeas petitioner must present "new reliable evidence—whether it by exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A "properly supported" claim of actual innocence requires a showing that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327; *McQuiggin*, 569 U.S. at 395. The Supreme Court emphasized that the actual innocence exception "applies to a severely confined category" of cases and that the standard set forth in *Schlup* is "demanding." *McQuiggin*, 569 U.S. at 395, 401. "The gateway should open only when a petition presents 'evidence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 401 (quoting *Schlup*, 513 U.S. at 316).

6 / 9

Petitioner does not meet the demanding standard articulated in *Schlup* and *McQuiggin* to show that he is actually innocent of the crime of conviction because he submits no new, competent evidence that is probative of his possible innocence, much less "evidence so strong that a court cannot have confidence in the outcome of the trial." *Id.* The appellate court reviewing Arzate's claims for insufficient evidence found that ample evidence of guilt confirmed that a jury could believe that Arzate committed the murder and noted:

> We conclude the evidence supports the jury's guilty verdict. First, three witnesses who had known Arzate for years identified Arzate as the shooter based on his voice. Maria testified that she heard Arzate say "he was going to kill us" and then the shooter began shooting at her and Guillermo. Elizabeth testified that it was Arzate who screamed "where's the bastard" right before she heard gunshots. Heron also testified that it was Arzate who yelled those words. Voice identification is an acceptable means of identification and has been held sufficient to support a conviction. *See Locke v. State,* 453 S.W.2d 484, 485 (Tex. Crim. App. 1970) ("Voice is a competent means of identification if the witness had any previous acquaintance with the person identified"); *Davis v. State,* 180 S.W.3d 277, 285–86 (Tex. App.—Texarkana 2005, no pet.) (holding voice identification sufficient to support conviction).

*Arzate v. State*, No. 01-12-01074-CR, 2013 WL 6670854, at *4 (Tex. App. Dec. 17, 2013). The state appellate court further found that Arzate's conduct after the murder supported the jury's guilty verdict. *See id.* Other than his bald assertion that DNA evidence could exonerate him, Arzate produces no new evidence to counter the witness' accounts and evidence that supported his guilt at trial.

The Fifth Circuit has held that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the

7 / 9

record, to be of probative evidentiary value." *Ross v. Estelle,* 694 F.2d 1008, 1011–12 and n.2 (5th Cir. 1983); *see Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir. 1990). Petitioner does not meet his burden to establish actual innocence with new reliable evidence as is required under the standard in *McQuiggin* and *Schlup* to excuse his tardiness in filing his federal petition. Accordingly, his petition is barred by the one-year statute of limitations under the AEDPA and must be dismissed.

## III.    **CERTIFICATE OF APPEALABILITY**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.    Petitioner's federal petition (Doc. No. 1) is **DISMISSED** with prejudice as barred by the one-year statute of limitations.

2.    All other motions, if any, are **DENIED**.

3.    A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this Order to the parties.

SIGNED on this ___6th___ day of July 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE